972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott C. SMITH, Plaintiff-Appellant,
v.
Mike KROPF, et al., Defendant-Appellee.
 No. 91-36148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 25, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Smith appeals the dismissal of his complaint with prejudice and the grant of summary judgment to appellees on qualified immunity grounds. He contends the Washington Administrative Code (WAC) grants inmates a liberty interest in remaining in the general prison population. We affirm.
 
 
 3
 * Smith filed a section 1983 action against Kropf, a prison official, alleging that his incarceration in administrative-segregation (ad-seg) violated due process because Kropf had showed bias against him during his prison administrative hearings.
 
 
 4
 Only a state may create a liberty interest in remaining in the general prison population. Hewitt v. Helms, 459 U.S. 460, 468 (1983). To create a such an interest, a state must place substantive limitations on the exercise of official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). These limitations must contain mandatory language requiring specific, substantive predicates. Toussaint v. McCarthy, 801 F.2d 1080, 1099 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 5
 Both WAC 137-32-005, governing initial inmate placement in ad-seg, and WAC 137-32-035, governing an inmate's release from ad-seg, use permissive language in conjunction with non-particularized standards. As a result, an inmate does not have a liberty interest in remaining in the general prison population. Without such a liberty interest, Smith's right to due process was not violated.
 
 
 6
 Because Smith's constitutional rights were not violated, we need not decide whether the officials involved were entitled to qualified immunity.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3